IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SUNTEZ PASLEY, CLAUDE WILLIAMS, DARRION LEWIS, ISAIAH ROSS, and ANTONIO TAYLOR,<br><br>Plaintiffs,<br><br>vs.<br><br>MEARL JUSTUS, RICH WATSON, JACK DINGES, OFFICER NICHOLS, OFFICER LEVI BRIDGES, and CAMERON REID,<br><br>Defendants. | Case No. 14-cv-505-JPG |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for case management. The complaint was filed by five former St. Clair County Jail ("the Jail") inmates, including Suntez Pasley, Claude Williams, Darrion Lewis, Isaiah Ross, and Antonio Taylor.[1] Plaintiffs filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. In the complaint, Plaintiffs claim that they were exposed to unconstitutional conditions of confinement at the Jail, in violation of their Eighth Amendment rights.

Plaintiffs all signed the complaint (Doc. 1, p. 7). However, none of them paid a filing fee for this action or, alternatively, filed a Motion and Affidavit to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion"). Each was required to do so. By letter dated May 2, 2014, the Clerk of Court advised Plaintiffs of this fact and set a 30-day deadline for paying the $400.00 filing fee that each owed or, alternatively, filing an IFP Motion. To date, no

---

[1] All five inmates were incarcerated at Menard Correctional Center ("Menard") at the time they filed this action.

filing fee or IFP Motion has been received by the Court. On May 14, 2014, Plaintiff Pasley filed a motion for extension (Doc. 4), seeking a general extension of court deadlines, based on Menard's alleged delay in processing and delivering prison mail. Plaintiff Pasley was the only plaintiff to sign the motion. However, he states that he filed it on behalf of all Plaintiffs.

The Court will address Plaintiff Pasley's motion (Doc. 4) herein. Before doing so, the Court deems it necessary to address several other preliminary matters related to the joint filing of this case by multiple Plaintiffs.

### Group Litigation by Multiple Prisoners

Plaintiffs may bring their claims jointly in a single lawsuit if they so desire. However, the Court must admonish them as to the consequences of proceeding in this manner including their filing fee obligations, and give them the opportunity to withdraw from the case or sever their claims into individual actions.

In *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), the court addressed the difficulties in administering group prisoner complaints. District courts are required to accept joint complaints filed by multiple prisoners *if* the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." Nonetheless, a district court may turn to other civil rules to manage a multi-plaintiff case. If appropriate, claims may be severed pursuant to Rule 20(b), pretrial orders may be issued providing for a logical sequence of decision pursuant to Rule 16, parties improperly joined may be dropped pursuant to Rule 21, and separate trials may be ordered pursuant to Rule 42(b). *Boriboune*, 391 F.3d at 854.

In reconciling the Prisoner Litigation Reform Act with Rule 20, the Seventh Circuit determined that joint litigation does not relieve any prisoner of the duties imposed upon him under the Act, including the duty to pay the full amount of the filing fees, either in installments or in full if the circumstances require it. *Id.* In other words, each prisoner in a joint action is required to pay a full civil filing fee, just as if he had filed the suit individually.

The Circuit noted that there are at least two other reasons a prisoner may wish to avoid group litigation. First, group litigation creates countervailing costs. Each submission to the Court must be served on every other plaintiff and the opposing parties pursuant to Federal Rule of Civil Procedure 5. This means that if there are five plaintiffs, the plaintiffs' postage and copying costs of filing motions, briefs or other papers in the case will be five times greater than if there were a single plaintiff.

Second, a prisoner litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under Federal Rule of Civil Procedure 11." *Boriboune*, 391 F.3d at 854-55. According to the Circuit, a prisoner litigating jointly assumes those risks for all of the claims in the group complaint, whether or not they concern him personally. Furthermore, if the Court finds that the complaint contains unrelated claims against unrelated defendants, those unrelated claims may be severed into one or more new cases. If that severance of claims occurs, each Plaintiff will be liable for another full filing fee for each new case. Plaintiffs may wish to take into account this ruling in determining whether to assume the risks of group litigation in the federal courts of the Seventh Circuit.

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, the Circuit suggested in *Boriboune* that district courts alert prisoners to the individual payment requirement, as well as the other risks prisoner pro se

litigants face in joint pro se litigation, and "give them an opportunity to drop out." *Id.* at 856. Therefore, in keeping with this suggestion, the Court offers all Plaintiffs, other than Plaintiff Pasley, whom it designates as the "lead" Plaintiff[2] in this case, an opportunity to withdraw from this litigation before the case progresses further. Each Plaintiff may wish to take into consideration the following points in making his decision:

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- He will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

- He will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he will be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

- Whether the action is dismissed, severed, or allowed to proceed as a group complaint, he will be required to pay a full filing fee, either in installments or in full, depending on whether he qualifies for indigent status under §§ 1915(b) or (g).[3]

In addition, if Plaintiffs desire to continue this litigation as a group, any proposed amended complaint, motion, or other document filed on behalf of multiple Plaintiffs must be signed by each of the Plaintiffs. As long as the Plaintiffs appear without counsel in this action, each Plaintiff must sign documents for himself. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d

---

[2] The Court notes that Plaintiff Pasley was the first named Plaintiff in this action, the first to sign the complaint, and the only one to file the motion for extension (which he filed on behalf of all Plaintiffs).

[3] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.

829, 831 (7th Cir. 1986); FED. R. CIV. P. 11.[4]  A non-attorney cannot file or sign papers for another litigant.  Plaintiffs are **WARNED** that future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

### Pending Motion

Plaintiff Pasley's motion for extension (Doc. 4) shall be granted, as set forth below in the Disposition, but only to the extent the motion requests an extension of the deadline for paying the full filing fee of $400.00 or filing a properly completed IFP Motion.

### Disposition

**IT IS HEREBY ORDERED** that each named Plaintiff (other than Plaintiff Pasley) shall advise the Court on or before June 16, 2014, whether he wishes to continue as a Plaintiff in this group action.  If, by that deadline, any non-lead Plaintiff advises the Court that he does ***not*** wish to participate in the action, he will be dismissed from the lawsuit and will *not* be charged a filing fee for this action.[5]  Alternatively, if any Plaintiff wants to pursue his claims individually in a separate lawsuit, he shall so advise the Court, and his claims shall be severed into a new action where a filing fee *will* be assessed.

**IT IS FURTHER ORDERED** that Plaintiff Pasley's motion for extension (Doc. 4) is hereby **GRANTED**, but only to the extent it seeks an extension of the deadline for paying the full filing fee of $400.00 or filing an IFP Motion.  This deadline shall be extended by fourteen days, from June 2nd to June 16th, 2014.  In order to ensure consistency of deadlines among

---

[4] Rule 11 states, in pertinent part: "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."  FED. R. CIV. P. 11(a).  Moreover, a prisoner bringing a *pro se* action cannot represent a class of plaintiffs.  *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding it would be plain error to permit imprisoned *pro se* litigant to represent his fellow inmates in a class action).

[5] As the lead Plaintiff, Suntez Pasley may choose to voluntarily dismiss or sever his claims, but may not escape his obligation to pay the filing fee for this action, which was incurred when the action was filed.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998).

Plaintiffs, this extension shall apply to all Plaintiffs.

Therefore, each Plaintiff who chooses to continue as a Plaintiff, either in this action or in a severed individual case, is hereby **ORDERED** to pay his filing fee of $400.00 or file a properly completed IFP Motion on or before June 16, 2014.  Failure to do so does *not* relieve that Plaintiff of the obligation to pay a filing fee, unless he also submits timely written notice that he does not intend to proceed with the action.  Any Plaintiff who simply does not respond to this order on or before June 16, 2014, *will* be obligated to pay the full filing fee and will also be dismissed from this action for failure to comply with Rule 41(b).

In addition, Plaintiffs are again **WARNED** that future group motions or pleadings that do not comply with the group pleading requirements discussed herein shall be stricken pursuant to Rule 11(a).

The Clerk is **DIRECTED** to send a copy of this order to each of the named Plaintiffs, and to enclose a blank form motion for leave to proceed IFP and trust fund account certification form with each order.

Plaintiffs are **ADVISED** that the complaint is currently awaiting preliminary review by the Court pursuant to 28 U.S.C. § 1915A, and it has not yet been served on the Defendants.  When this review is completed, a copy of the Court's order will be forwarded to each Plaintiff who remains in the action.

Plaintiffs are further **ADVISED** that each of them is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate a Plaintiff's whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in

dismissal of this action for want of prosecution.  *See* F<small>ED</small>. R. C<small>IV</small>. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 16, 2014**

<u>s/ J. Phil Gilbert</u>
United States District Judge
