## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SUNTEZ PASLEY, #B20690, | ) | |
| CLAUDE WILLIAMS, #B88342, | ) | |
| DARRION LEWIS, #B88596, | ) | |
| ISAIAH ROSS, #B88217, | ) | |
| ANTONIO TAYLOR, #B88921, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | Case No. 14-cv-00505-JPG |
| | ) | |
| MEARL JUSTUS, RICH WATSON, | ) | |
| JACK DINGES, OFFICER NICHOLS, | ) | |
| OFFICER LEVI BRIDGES, | ) | |
| and CAMERON REID, | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiffs are all former inmates of St. Clair County Jail ("Jail"), who are currently incarcerated at Menard Correctional Center ("Menard"). Together, they bring this action pursuant to 42 U.S.C. § 1983 against six St. Clair County officials, including Mearl Justus[1] (former sheriff), Rich Watson (current sheriff), Jack Dinges (lieutenant), Officer Nichols (sergeant), Officer Bridges (sergeant), and Cameron Reid (officer) (Doc. 1). In the complaint, Plaintiffs claim that they were subjected to unconstitutional conditions of confinement at the Jail (Doc. 1, pp. 1-6). They seek monetary damages and injunctive relief (Doc. 1, p. 7).

Pursuant to an Order entered by this Court on May 20, 2014 (Doc. 5), each Plaintiff was required to advise the Court on or before June 16, 2014, whether he intended to pursue his claims

---

[1] Mearl Justus is now deceased. He passed away on December 18, 2012. *See* http://www.stltoday.com/news/local/obituaries/longtime-st-clair-county-sheriff-mearl-justus-dies.

in this single action.  As of June 17, 2014,[2] all Plaintiffs responded in the affirmative (Docs. 13-16).  Plaintiffs were also ordered to separately pay a filing fee for this action or file a motion for leave to proceed *in forma pauperis* ("IFP Motion") by June 16, 2014 (Doc. 5).  All Plaintiffs filed timely IFP Motions, which have been granted (Docs. 6, 8-10, 12, 17-21).  Accordingly, the complaint is now subject to preliminary review under 28 U.S.C. § 1915A.

**Merits Review Pursuant to 28 U.S.C. § 1915**

Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts

---

[2]  The final response, which was filed by Plaintiff Antonio Taylor, arrived one day after the deadline (Doc. 16).  Under the circumstances, the Court will allow him to proceed in this action.

"should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). After carefully considering the allegations, the Court finds that the complaint survives preliminary review under § 1915A.

**The Complaint**

According to the complaint, Plaintiffs were all subjected to unconstitutional conditions of confinement at the Jail (Doc. 1, pp. 1-7). These conditions included overcrowding, inadequate food portions, filthy bathrooms, denial of access to cleaning supplies, inadequate access to the law library, exposure to mice and insects, exposure to the foul odor of human feces, peeling paint in the living areas, being forced to sleep on the floor, a lack of recreation, and inadequate medical care. Because the complaint includes no dates, it is unclear when these violations occurred or whether all Plaintiffs endured them at the same time. However, Plaintiffs now sue Defendants Justus, Watson, Dinges, Nichols, Bridges, and Reid for $50 million and injunctive relief, claiming that each "personally knew about the constitutional violations, but did absolutely nothing to correct them" (Doc. 1, pp. 4, 7).

**Discussion**

Plaintiffs' claim relates to the conditions of their confinement (**Count 1**). The applicable legal standard for this claim depends on Plaintiffs' status as pretrial detainees or prisoners while at the Jail. The Due Process Clause of the Fourteenth Amendment governs claims of pretrial detainees, while the Eighth Amendment applies to claims of inmates. *See Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008); *see also Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Forest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010).

However, in cases involving complaints of unconstitutional conditions of confinement, both Eighth and Fourteenth Amendment case law can be used interchangeably.  *Id.*

The Eighth Amendment prohibits cruel and unusual punishment and is applicable to the states through the Fourteenth Amendment.  It has been a means of improving prison conditions that were constitutionally unacceptable.  *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994).  Jail officials violate the Eighth Amendment when they show deliberate indifference to adverse conditions that deny "the minimal civilized measure of life's necessities," including "adequate sanitation and personal hygiene items."  *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted); *Rice ex rel. Rice*, 675 F.3d at 664; *Gillis v. Litscher*, 468 F.3d 488 (7th Cir. 2006); *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007)).

The Seventh Circuit has observed that "conditions of confinement, even if not individually serious enough to work constitutional violations, may violate the Constitution in combination when they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.'"  *Budd*, 711 F.3d at 842 (quoting *Wilson v. Seiter,* 501 U.S. 294, 304 (1991); *see also Gillis*, 468 F.3d at 493; *Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995)).  In this case, Plaintiffs have identified numerous conditions that collectively support a claim for unconstitutional conditions of confinement.  *See Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012) (depending on the severity, duration, nature of risk, and susceptibility of the inmate, prison conditions may violate the Eighth Amendment if they caused either physical, psychological, or probabilistic harm).  Further, the complaint alleges that Defendants were each involved in perpetuating these conditions.  According to the complaint, Defendants "were personally involved in the unconstitutional acts. . . . All defendants personally knew about the

4

constitutional violations, but did absolutely nothing to correct them" (Doc. 1, p. 4). Under the circumstances, Plaintiffs shall be allowed to proceed with a claim for unconstitutional conditions of confinement (**Count 1**) against Defendants Justus, Watson, Dinges, Nichols, Bridges, and Reid.

Plaintiffs' request for injunctive relief is moot. According to the complaint, all Plaintiffs have been transferred from the Jail to Menard. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Only if Plaintiffs can show a realistic possibility that they would again be incarcerated at the Jail under the conditions described in the complaint, would it be proper for the Court to consider injunctive relief. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citation omitted).

Further, no service shall be ordered on Defendant Justus. Plaintiffs asserted a conditions of confinement claim against him, although the complaint alleges that Defendant Justus is now deceased. Plaintiffs seek monetary damages and injunctive relief; as stated above, the request for injunctive relief is moot. The Court has authority pursuant to Federal Rule of Civil Procedure 25(a) to substitute the proper party where a claim survives the death of a defendant. *See Walsh v. City of Chicago*, 712 F. Supp. 1303, 1306 (N.D. Ill. 1989) (substitution of deceased defendant with defendant's representative may be appropriate in § 1983 action); *see also* FED. R. CIV. P. 25(a). Therefore, on or before **September 25, 2014,** Plaintiffs shall notify the Court how they wish to proceed against Defendant Justus, by filing a motion to substitute the correct party in his place or to dismiss the claim against him. Failure to respond will result in the dismissal of Defendant Justus from this action.

**Pending Motions**

Plaintiffs have filed a motion to advise the court of defendants' personal knowledge of violations (Doc. 2), which shall be construed as a motion to add exhibits to complaint. The motion was filed on the same date as the complaint and appears to have been intended for filing along with the complaint.  All Plaintiffs signed the motion.  Construed as a motion to add exhibits to the complaint, the motion is **GRANTED**.

In the section of the complaint entitled "Relief Sought," Plaintiffs request the Court's assistance in recruiting an attorney to represent them (Doc. 1, p. 7).  The Court cannot address this request until it is properly submitted as a Motion for Recruitment of Counsel.  The Clerk shall be directed to provide a copy of this form to each Plaintiff.

**Disposition**

The **CLERK** is **DIRECTED** to mail a copy of this Order, as well as a blank Motion for Recruitment of Counsel, to each Plaintiff listed in the caption, including Plaintiffs **PASLEY, WILLIAMS, LEWIS, ROSS,** and **TAYLOR**.

Plaintiffs are reminded that any motion or pleading submitted in this joint action on behalf of all Plaintiffs must be signed by all of them; a *pro se* litigant may not sign documents on behalf of another party.  *See* Fed. R. Civ. P. 11(a).  If Plaintiffs are unable to communicate effectively with one another in order to jointly prosecute this action, the Court will entertain a motion to sever their claims into separate cases.

**IT IS HEREBY ORDERED** that on or before **September 25, 2014**, Plaintiffs shall notify the Court how they wish to proceed against Defendant Justus, by filing a motion to substitute the correct party in his place or to dismiss the claim against him.  *See* Fed. R. Civ. P. 25(a).  Failure to respond will result in the dismissal of Defendant Justus.  *See* Fed. R. Civ. P. 41.

  **IT IS FURTHER ORDERED** that **AS TO COUNT 1**, the Clerk of Court shall prepare for Defendants **WATSON, DINGES, NICHOLS, BRIDGES,** and **REID**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiffs. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

  With respect to a Defendant who no longer can be found at the work address provided by Plaintiffs, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

  Plaintiffs shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiffs shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

  Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings.  Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiffs, and the judgment includes the payment of costs under § 1915, Plaintiffs will be required to pay the full amount of the costs, regardless of the fact that all applications to proceed *in forma pauperis* have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiffs are **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicants and their attorneys were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiffs and remit the balance to Plaintiffs.  Local Rule 3.1(c)(1).

Finally, Plaintiffs are **ADVISED** that they are *each* under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate a plaintiff's whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 30, 2014**

_s/ J. Phil Gilbert_
United States District Judge