IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SUNTEZ PASLEY, et al.,

             Plaintiffs,

      vs.                                  Case No. 14-cv-505-SMY-PMF

MERLE JUSTUS, et al.,

             Defendant.

**MEMORANDUM AND ORDER**

      This matter comes before the Court on plaintiff Pasley's motion to substitute party (Doc. 49).  For the following reasons, the Court **denies** the motion.

### 1.  Background

The plaintiff filed a prisoner civil rights action and listed as a defendant Merle Justus, who is deceased.  (Doc. 2).  Because the plaintiff is seeking damages, the action against Merle Justus was in his individual capacity.  The plaintiff has now filed a motion with the court to substitute a new defendant, Major Philip McLaren, in place of the deceased Merle Justus.

### 2.  Analysis

Should an official die pending final resolution of a personal-capacity action, the plaintiff would have to pursue his action against the decedent's estate; in an official-capacity action in federal court, death or replacement of the named official will result in automatic substitution of the official's successor in office. See Fed.Rule Civ.Proc. 25(d)(1); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  If officials are sued in their official capacities, the court is limited to issuing an order for injunctive relief; it cannot award money damages. *MSA Realty Corp. v. State of Ill.*, 990

F.2d 288, 291 (7th Cir. 1993). Damages are available only to plaintiffs suing state officials in their personal capacities. *Graham*, 473 U.S. at 165–66.

In the case at bar, the plaintiff is seeking monetary damages.  (Doc. 2).  This indicates to the Court that the suit is brought against the defendant in his personal capacity.  Therefore, the plaintiff is limited to pursuing the action against the defendant's estate.  Furthermore, even if the action were to be construed as one against the defendant in his official capacity, the official's successor would be automatically substituted. In neither scenario would the substitution of Major Philip McLaren for the deceased party be appropriate.

**Conclusion**

Accordingly, the Court **DENIES** the plaintiff's motion (Doc. 49).

**IT IS SO ORDERED.**

**DATED:** September 22, 2014

/s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**