IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SUNTEZ PASLEY, B02690, ) | |
| CLAUDE WILLIAMS, B88342, ) | |
| ISAIAH ROSS, B88217, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. **3:14-cv-00505-SMY-PMF** |
| ) | |
| MEARL JUSTUS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is the Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies (Doc. 76). The Defendants argue that the Plaintiffs failed to exhaust available administrative remedies prior to filing suit. The Plaintiffs filed a response in opposition (Doc. 87). The Plaintiffs[1] filed this lawsuit on May 1, 2014 claiming that they were subjected to unconstitutional conditions of confinement at the St. Clair County Jail in violation of the Fourteenth Amendment. Separate *Pavey* evidentiary hearings for all three Plaintiffs were held on June 16, 2015 in front of Judge Frazier. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). At the hearing, the Court obtained information to assess credibility and make finding regarding the administrative remedy procedures available to the Plaintiffs at the St. Clair County Jail as well as the Plaintiffs' efforts to comply with those procedures. The Plaintiffs were in attendance by videoconference. The Plaintiffs testified on their own behalf but the parties did not present any

---

[1] The complaint was initially filed with five joined Plaintiffs; Suntez Pasley, Claude Williams, Darrion Lewis, Isaiah Ross and Antonio Taylor. The claims filed by Darrion Lewis and Antonio Taylor were severed into separate cases. *See Darrion Lewis v. Mearl Justus, et al.*, 3:14-cv-01301-SMY-PMF; *Antonio Taylor v. Mearl Justus, et al.*, 3:14-cv-01302-SMY-PMF.

1

other witnesses. For the following reasons, it is recommended that the Defendants' Motion to Dismiss be DENIED.

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. The Seventh Circuit takes a "strict compliance" approach to exhaustion. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). However the statute only requires exhaustion of "available" administrative remedies. "If administrative remedies are not "available" to an inmate, then the inmate cannot be required to exhaust." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). For instance, if correctional staff members fail to provide the necessary grievance forms then the administrative remedies process may be deemed "unavailable." *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004).

As former pretrial detainees, Plaintiffs Pasley, Ross and Williams are all subject to the PLRA's exhaustion requirement. Pasley was detained at the St. Clair County Jail from November 2010 until October 2013. Ross was detained at the St. Clair County Jail from October 2010 until January 2012. Williams was detained at the St. Clair County Jail from September 2007 until 2012. Williams also returned to the St. Clair County Jail for approximately six months from late 2012 through early 2013. The Plaintiffs allege that they were subject to the unconstitutional conditions of confinement throughout their respective stays at the jail. Pasley and Ross are currently at Menard Correctional Center and Williams is currently at Centralia Correctional Center.

The St. Clair County Jail has a multi-step grievance process that is set forth in the "Detainee Rules and Regulations Handbook." The "Grievance Procedure" section of the handbook states:

*Step 1*. A grieving detainee shall within 24 hrs. after he/she learns of the circumstances or conditions which prompted the grievance, submit the grievance to the shift supervisor, in writing, informing him/her of the grievance and the particulars concerning it. The immediate supervisor shall provide a written response to the grieving detainee within 3 days after receiving the grievance.

*Step 2*. If the grievance is not resolved to the detainee's satisfaction, the detainee may submit the grievance to the Assistant Jail Superintendent by summarizing the grievance in writing within forty eight (48) hours through the on duty shift supervisor. The grievance must be submitted to the Jail Superintendent within 3 days (not including weekends and holidays) of the decision of the Assistant Superintendent. The Jail Superintendent will review the response(s) and approve/disapprove them; if he disapproves them, he will take the necessary action to revise the previous response(s) according to the St. Clair County Jail Policies and Procedure Manual or to his professional opinion in a fair and impartial manner and return to the detainee within three (3) duty days. This shall constitute the final resolution of the grievance.

Note: Detainee Grievance Forms can be obtained from any supervisor or correctional officer. The Dress-Out Officer is responsible for briefing the grievance procedure to detainees prior to them being assigned to their respective housing units. A Captains [*sic*] request must be submitted prior to the grievance procedure. If no response is received within 15 calendar days, then the jail Superintendent needs to be notified.

The Detainee Rules and Regulations Handbook does not provide any further information regarding the grievance process.

The Defendants' Motion to Dismiss states that the three Plaintiffs did not exhaust the grievance process. Attached to the Motion are affidavits from Phillip McLaurin and Thomas Trice, the St. Clair County Jail Superintendent and Assistant Superintendent, respectively. The affidavits state that there is no record of the Plaintiffs filing any grievances. There is a record of Plaintiff Williams filing a single Captain's Request but it was unrelated to the present case.

At the *Pavey* hearing the Plaintiffs admitted that they did not complete the St. Clair County Jail administrative remedies process. However the Plaintiffs each provided a credible explanation of how the jail staff made the grievance process unavailable. The Plaintiffs stated that they each filed Captain's Requests on multiple occasions. After filing the Captain's Request one of two events would occur; either the Plaintiff would not receive a response at all or a staff member would approach the Plaintiff and provide an oral response (with no documentation returned). Because the Plaintiffs had not received an official response to the Captain's Request, the Plaintiffs would be "stuck" at the Captain's Request stage of the process. Furthermore, the jail staff members would not provide the Plaintiffs with the formal grievance forms when asked. The Plaintiffs did remark that on occasion they were able to voice their concerns to the Jail Superintendent, but the Superintendent would also provide a simple oral response. In sum, the Plaintiffs attempted to exhaust the St. Clair County Jail administrative remedies process but the procedure was not made available to them. The PLRA does not require the Plaintiffs to exhaust an administrative remedies process that is not available. *Dole*, 438 F.3d at 809. The Defendants' Motion to Dismiss should be denied.

## **RECOMMENDATIONS**

The Plaintiffs attempted to exhaust administrative remedies at the St. Clair County Jail but the administrative remedies process was not made available to them. The Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies should therefore be denied.

**SO RECOMMENDED.**

**DATED:  June 18, 2015.**

>*s/ Philip M. Frazier*
>**PHILIP M. FRAZIER**
>**UNITED STATES MAGISTRATE JUDGE**